**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01823-CMA-MEH

JOELY BITTNER,

       Plaintiff,

v.

THE ROYAL GORGE COMPANY OF COLORADO,
    a Colorado Corporation,

       Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case,

      IT IS HEREBY ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "confidential" shall be information that is confidential and implicates common law and statutory privacy interests, including confidential or private medical and/or mental health information, financial or tax information, information contained in personnel files, or arrest and criminal records information of any party or person, as well as proprietary business, commercial, and trade secret interests of the parties all as determined in good faith by the attorneys representing the designating party.  Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case, and except as authorized by the strict terms of this Protective Order.

4. Confidential documents, materials, and/or information (collectively "Confidential Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the Parties, including designated representatives for Defendants;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses provided all such individuals have agreed to be bound by this order; and

(h) other persons by written agreement of all the Parties.

5. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, witnesses during the course of their testimony and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an acknowledgment in writing in the form attached hereto as Exhibit A, or on the record at a deposition, stating that he or she has read this Protective Order and agrees to be bound by its provisions, provided that no sanctions shall be imposed on counsel as a result of the failure of counsel to obtain such an acknowledgment with respect to information disclosed in the course of a deposition unless counsel's obligation under this paragraph is raised on the record by opposing counsel before the conclusion of the deposition. All such acknowledgments shall be retained by counsel, and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel. When disclosing Confidential Information to witnesses during the course of their testimony, the counsel designating a document as Confidential shall be obligated to advise the witness of the confidential nature of the information at that time.

6. Documents are designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "Confidential." Any document designated as Confidential must have been reviewed by an attorney who made a good faith determination that the document is entitled to protection.

7. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within twenty (20) days after notice by the court reporter of the completion of the transcript.

8. A Party may object to the designation of information as Confidential by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under the provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

9.      At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential shall be returned to the Party that designated it Confidential, or the Parties may elect to destroy Confidential documents at the conclusion of the time required by the rules governing attorneys for maintenance of such documents. Where the Parties agree to destroy Confidential documents, the destroying Party shall provide all Parties with an affidavit confirming the destruction.  Each party's counsel shall be permitted to keep one copy for its files of any work product that may contain or reference Confidential documents.  However, such copies shall be kept in a confidential manner and the Confidential documents shall retain their confidential status until it is destroyed as part of counsel's regular file retention and destruction process.

10.     When filing any document under seal, the Parties will file a Motion to Seal the document and comply with the procedures as set forth in D.C.COLO.LCivR 7.2.

11.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated and entered at Denver, Colorado, this 25th day of November, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

**APPROVED:**

| | |
|---|---|
| s/ Ariel DeFazio | s/ Christian Hammond |
| David Lichtenstein | Christian Hammond |
| Ariel DeFazio | Dufford & Brown, P.C. |
| David Lichtenstein, Attorney at Law | 1700 Broadway, Suite 2100 |
| 1556 Williams Street, Suite 100 | Denver, CO 80290-2101 |
| Denver, CO 80218-1661 | Telephone:  303-861-8013 |
| Telephone:  303-831-4750 | Facsimile:  303-832-3804 |
| Facsimile:  303-863-0835 | E-mail: chammond@duffordbrown.com |
| E-mail:  dave@lichtensteinlaw.com | *Attorney for Defendant* |
| E-mail:  ariel@lichtensteinlaw.com | |
| *Attorneys for Plaintiff* | |